FILED

**NOT FOR PUBLICATION**

JUN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50241 |
| Plaintiff - Appellee, | D.C. No. 3:05-CR-00699-TJW |
| v. | |
| HARRY ORLANDO-PAPIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Harry Orlando-Papias appeals from the sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Papias contends that the district court procedurally erred by not sufficiently

explaining his sentence and impermissibly relying primarily upon the need to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

punish him for the criminal conduct underlying the revocation. These contentions lack merit because the record reflects that the district court listened to the parties' arguments and adopted probation's reasoning, which emphasized Papias' overall criminal history, including the fact that Papias had reoffended eight months after his release from custody. *See United States v. Carty*, 520 F.3d 984, (9th Cir. 2008) (en banc); *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

Papias further asserts that his sentence is substantively unreasonable because the sentence imposed is greater than necessary to further the relevant sentencing goals set forth under 18 U.S.C. §§ 3553(a) and 3583(e). The sentence imposed is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

**AFFIRMED.**